UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY SUNG CHO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF SAN JOSE, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-05503-VKD<br><br>**ORDER RE APRIL 8, 2022 DISCOVERY DISPUTE RE RODRIGUEZ DEPOSITION**<br><br>Re: Dkt. No. 30 |

The parties ask the Court to resolve a dispute regarding whether defendant Matthew Rodriguez may invoke the Fifth Amendment privilege against self-incrimination as to certain matters expected to be raised during his deposition in this case. Dkt. No. 30. The Court finds this matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

## I.   BACKGROUND

Plaintiff Anthony Sung Cho has noticed the deposition of Mr. Rodriguez. Mr. Rodriguez apparently intends to assert his Fifth Amendment right against self-incrimination concerning the following matters: the facts and circumstances of the uses of force in this action and in the *Marin v. City of San Jose et al.* civil action and related criminal prosecution; Mr. Rodriguez's understanding and knowledge of the policies, procedures, and protocols relevant to the uses of force in this action and in the *Marin* matter; and specific training courses taken by Mr. Rodriguez on the use of force. *See* Dkt. No. 30 at 1. Mr. Cho argues that Mr. Rodriguez should not be allowed to assert his Fifth Amendment right and to refuse to answer any questions during his deposition in this action. *Id.* at 2.

## II. DISCUSSION

The parties disagree about whether Mr. Rodriguez is subject to criminal prosecution for his conduct in this action. A witness may invoke his privilege against compulsory self-incrimination where there is a possibility of prosecution and where the witness's testimony would either incriminate him directly or could provide an indirect link to incriminating evidence. *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000). The privilege against self-incrimination may be asserted in a civil proceeding such as this, so long as the person invoking the privilege "reasonably believes that his disclosures could be used in a criminal prosecution, or could lead to other evidence that could be used in that manner." *Id.* (citing *Kastigar v. United States,* 406 U.S. 441, 444 (1972)). Ordinarily, the privilege must be asserted on a question-by-question basis. *Id.*

While Mr. Cho may be correct that no criminal charges are currently pending against Mr. Rodriguez for his conduct in this action, Dkt. No. 30 at 2, Mr. Rodriguez asserts, without contradiction, that he is subject to a pending investigation regarding possible prosecution for that conduct, *id.* at 4-5. For this reason, the Court concludes that Mr. Rodriguez has articulated a reasonable belief that his testimony in this action could be used against him in a future criminal prosecution.

The parties also disagree about whether Mr. Rodriguez waived his Fifth Amendment privilege with respect to the *Marin* matter when he gave a voluntary statement to police investigators about that matter without invoking the privilege. Dkt. No. 30 at 3–4, 6. The Court must carefully scrutinize arguments that a witness has waived his privilege against self-incrimination. *See Universal Trading & Investment Co. v. Kiritchencko*, No. C-99-3073 MMC (EDL), 2006 WL 37981157, at *3 (N.D. Cal. Dec. 22, 2006). A voluntary statement as to an incriminating fact may waive the privilege as to the details of that fact, so long as the witness's testimony does not further incriminate him. *In re Seper*, 705 F. 2d 1499, 1501 (9th Cir. 1983). Moreover, a waiver of the privilege at one stage of a proceeding, such as during a criminal investigation, is not necessarily a waiver for other stages or other proceedings. *U.S. v. Trejo-Zambrano*, 582 F.2d 460, 464 (9th Cir. 1978).

2

1      Mr. Rodriguez's voluntary statement is not before the Court, and the parties provide only a
2 high-level description of the circumstances in which the statement was given.  *See* Dkt. No. 30 at
3 3, 6.  The record is insufficient for the Court to determine at this time whether Mr. Rodriguez
4 waived his Fifth Amendment protection as to any facts, and if so, whether his anticipated
5 testimony in this action is within the scope of that waiver or whether it could further incriminate
6 him.  For this reason, the Court concludes that Mr. Cho has not shown that Mr. Rodriguez waived
7 his privilege against self-incrimination for purposes of deposition testimony in this action.

        Finally, the parties disagree about whether Mr. Rodriguez should be required to invoke his
Fifth Amendment right before the jury in a trial of this matter and whether the jury may make an
adverse inference based on such invocation.  The Court agrees with Mr. Rodriguez that
consideration of these questions is premature at this time.

### III.  CONCLUSION

        As explained above, the Court cannot conclude at this time that Mr. Rodriguez must
answer all questions posed to him and may not invoke his Fifth Amendment right as to the
categories of information set forth above.  Mr. Rodriguez must submit to a deposition and must
invoke his privilege against self-incrimination as to each question that he believes requires
assertion of the privilege; he need not answer such questions at this time.  This order is without
prejudice to Mr. Cho's ability to challenge Mr. Rodriguez's assertion of privilege and refusal to
answer questions once the record is better developed.

        **IT IS SO ORDERED.**

Dated: May 31, 2022

                                                                    _____
                                                                    VIRGINIA K. DEMARCHI
                                                                    United States Magistrate Judge

3