UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY SUNG CHO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN JOSE, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-05503-VKD<br><br>**ORDER DENYING DEFENDANT RODRIGUEZ'S MOTION TO STAY PROCEEDINGS**<br><br>Re: Dkt. No. 36 |

Pending before the Court is defendant Matthew Rodriguez's motion to stay the proceedings.[1] Dkt. No. 36. Plaintiff Anthony Sung Cho opposes the motion.[2] Dkt. No. 38. The Court held a hearing on the stay motion on October 18, 2022. Dkt. No. 41. Having considered the parties' submissions and arguments made at the hearing, the Court denies Officer Rodriguez's motion.

**I.　BACKGROUND**

This case arises out of an encounter between Mr. Cho and police officers with the San Jose Police Department, one of whom was Officer Rodriguez. On the evening of July 18, 2020, Mr. Cho was driving a stolen vehicle and was observed by the officers at a Shell gas station on Story Road in San Jose, California. Dkt. No. 36 at 2; Dkt. No. 38 at 3. As the officers

---

[1] The defendants in this case are the City of San Jose ("City") and four San Jose police officers: Steven Gaona, Tyler Moran, Zachary David Preuss, and Matthew Rodriguez. Officer Rodriguez has independent representation and has submitted this motion on his own behalf. The City and the other officer defendants have taken no position on Officer Rodriguez's request for a stay.

[2] All parties appearing have indicated their consent to magistrate judge jurisdiction. Dkt. Nos. 7, 16.

approached, Mr. Cho ran away. Dkt. No. 36 at 2. Several officers, including Officer Rodriguez, chased Mr. Cho and caught up with him at a shopping center parking lot. *Id.* The parties dispute what happened next. Mr. Cho contends that he tripped, fell, and then remained on the ground with his hands raised in surrender. Dkt. No. 38 at 3. He maintains that any use of force against him by the officers was unreasonable. *Id.* The defendant officers contend that Mr. Cho ignored commands to produce his hands from underneath his body and otherwise resisted their attempts to secure him. Dkt. No. 36 at 2. This required use of force—including baton strikes—to overcome Mr. Cho's resistance. *Id.* Mr. Cho alleges he sustained serious injuries as a result of the officers' actions. Dkt. No. 1 ¶ 25.

Officer Rodriguez is the subject of a pending criminal prosecution in *People v. Rodriguez*, Santa Clara County Case No. C21012705. Dkt. No. 36 at 2. This criminal prosecution concerns Officer Rodriguez's conduct in a separate law enforcement action on July 22, 2020 involving a woman named Guadalupe Esperanza Marin.[3] *Id.* Ms. Marin has also filed a civil action, *Marin v. City of San Jose et al.*, No. 21-6372 (N.D. Cal.), alleging that Officer Rodriguez used excessive force against her. *Id.* Officer Rodriguez says that no trial date has been set in the criminal case, but he expects it will be set for trial in spring or summer of 2023. *Id.* at 3.

During discovery in this case, the parties disagreed about whether Officer Rodriguez should be allowed to assert his Fifth Amendment privilege against self-incrimination with respect to questions posed to him in deposition. *See* Dkt. No. 30. At the time the dispute was presented, Officer Rodriguez asserted that he was the subject of a pending investigation regarding possible criminal prosecution for his encounter with Mr. Cho. *Id.* at 5. He also argued that his testimony concerning the encounter could be used by the prosecutor in the pending *Marin* criminal prosecution to establish that he acted with a common plan of intent and not as a result of a mistake or accident. *Id.* The Court concluded, for purposes of the parties' discovery dispute, that "Officer Rodriguez must submit to a deposition and must invoke his privilege against self-incrimination as to each question that he believes requires assertion of the privilege; he need not answer such

---

[3] Mr. Cho was not involved in the *Marin* incident. Dkt. No. 36 at 2.

1    questions at this time." Dkt. No. 32 at 3. The Court's order was without prejudice to Mr. Cho's
2    ability to challenge the propriety of Officer Rodriguez's assertion of the privilege.
3           Officer Rodriguez gave a deposition on June 30, 2022. Dkt. No. 36 at 3. In accordance
4    with the Court's order, he asserted his Fifth Amendment privilege in response to questions that
5    would require him to "articulate the substantive basis for the use of force decision against Plaintiff
6    Cho" and to "explain[] any actions captured by body-worn camera footage relating to the use of
7    force on Mr. Cho." *Id.*; *see also* Dkt. No. 36-1 ¶ 3. Officer Rodriguez answered all other
8    questions posed by Mr. Cho's counsel. Dkt. No. 38 at 4.
9           This case is set for trial on January 11, 2023. Officer Rodriguez moves to stay further
10   proceedings for approximately six months, pending the anticipated completion of the *Marin*
11   criminal prosecution. Mr. Cho opposes the motion.

## II.    LEGAL STANDARD

           "The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, . . . parallel [civil and criminal] proceedings are unobjectionable." *S.E.C. v. Dresser Industries, Inc.*, 628 F.2d 1368, 1374 (D.C. Cir. 1980). "[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem to require such action." *Keating*, 45 F.3d at 324 (quoting *United States v. Kordel*, 391 U.S. 1, 12 n.27 (1970)). "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and compelling interests involved in the case." *Id.* (quoting *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1980)).

           In exercising its discretion, a court should consider "the extent to which the defendant's Fifth Amendment rights are implicated." *Keating*, 45 F.3d at 324 (citing *Molinaro*, 889 F.2d at 902). In addition, a court generally should consider the following factors: (1) the interests of the plaintiff in proceeding and the potential prejudice to him caused by a delay; (2) the burden that proceeding may place on the defendant; (3) the convenience of the court in managing its case load and the efficient use of judicial resources; (4) the interests of third parties; and (5) the interest of

1    the public in the pending civil and criminal proceedings.  *Id.* at 324-25 (citing *Molinaro*, 889 F.2d

2    at 903).

3    "The proponent of a stay bears the burden of establishing its need."  *Clinton v. Jones*, 520

4    U.S. 681, 708 (1997).

**III.   DISCUSSION**

The Court considers each of the *Keating* factors bearing on the question of whether proceedings in this action should be stayed.

        **A.**        **Extent to Which Officer Rodriguez's Fifth Amendment Rights Are Implicated**

Officer Rodriguez argues that if the trial in this action proceeds as scheduled, he will be forced to choose between asserting his Fifth Amendment privilege against self-incrimination in this civil proceeding, thereby undermining his defense, and testifying to matters that might be used against him in the *Marin* criminal prosecution.[4]  Dkt. No. 36 at 4-5.  Mr. Cho argues that this case does not overlap in any substantial way with matters at issue in the *Marin* prosecution.  *Id.* at 5.

"[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter."  *Dresser Indus., Inc.*, 628 F.2d at 1375-76.  Where the parallel proceedings involve the same event or occurrence, there is likely to be substantial overlap in the evidence.  However, where the parallel civil and criminal proceedings involve different incidents, the overlap is necessarily less substantial.

Officer Rodriguez's motion papers do not explain with any specificity how testimony he might give at trial in this case could incriminate him in the *Marin* criminal prosecution.  *See generally* Dkt. Nos. 36, 39.  At most, Officer Rodriguez's criminal defense counsel attests that the prosecution could argue that his testimony concerning "the substantive basis for the use of force" against Mr. Cho or "explaining any actions as captured by body-worn video camera footage" of the incident is "relevant to issues of knowledge, preparation or motive" in the *Marin* prosecution,

---

[4] Mr. Cho argues that it is unlikely any criminal charges related to the incident involving Mr. Cho will be brought against Officer Rodriguez because the relevant statute of limitations has expired.  Dkt. No. 38 at 4.  Officer Rodriguez does not disagree.

4

as permitted by California Evidence Code § 1101(b). Dkt. No. 36-1 ¶¶ 3-4. Mr. Cho responds that the two proceedings are unrelated and the relevant facts do not significantly overlap. Dkt. No. 38 at 5. Mr. Cho says he does not require any affirmative testimony from Officer Rodriguez to prove the elements of his case in chief, but Mr. Cho does expect to cross-examine Officer Rodriguez if he testifies at trial. Dkt. No. 41. Further, Mr. Cho confirmed at the hearing that, as his *Monell* claims against the City have been dismissed,[5] he will not seek to introduce affirmative evidence about the *Marin* incident during the trial of this case. *Id*.

While there are some similarities between the *Marin* incident and Officer Rodriguez's encounter with Mr. Cho, it is unclear whether Officer Rodriguez's testimony in this case will be admissible or used in any other manner in the *Marin* criminal prosecution. "[O]ther acts evidence under [California Evidence Code] section 1101(b) should be received with extreme caution and if its connection with the crime is not clearly perceived, the doubt should be resolved in favor of the accused." *People v. Winkler*, 56 Cal. App. 5th 1102, 1153 (2020) (quotation marks and citations omitted). The *Cho* and *Marin* incidents occurred four days apart, arise from somewhat similar circumstances (i.e. allegedly stolen vehicles), and involve allegations that Officer Rodriguez used excessive force. However, the facts of each case do not otherwise overlap, apart from the fact that Officer Rodriguez was involved in both incidents.

In these circumstances, the Court finds that Officer Rodriguez's Fifth Amendment rights would be no more than minimally implicated if the trial in this action proceeds as scheduled. *See Amatrone v. Champion*, No. 15-CV-01356, 2017 WL 3334889, at *3 (N.D. Cal. Aug. 4, 2017) (finding that movant's Fifth Amendment rights were not sufficiently implicated to warrant a stay where there was some overlap between the facts of the criminal and civil cases, but movant had not met his burden of establishing "a large degree of overlap"); *Hymes v. Bliss*, No. 16-CV-04288-JSC, 2018 WL 6079443, at *3 (N.D. Cal. Nov. 21, 2018) (denying continuance of trial where both civil and criminal cases involved allegations of proscribed conduct against inmates but did not implicate the same nucleus of facts); *see also McCormick v. Rexroth*, No. C 09-4188 JF, 2010 WL

---

[5] On October 18, 2022 the Court granted the City's motion for partial summary judgment on Mr. Cho's *Monell* claims based on a failure to train and ratification. Dkt. No. 42.

934242, at *2 (N.D. Cal. Mar. 15, 2010) (finding that civil and criminal cases implicated the same "nucleus of facts" where both arose out of the same physical altercation between plaintiff and defendant).

### B. Other *Keating* Factors

#### 1. Plaintiff's Interests

Mr. Cho asserts an interest in having his claims resolved as scheduled, and further observes that delay prejudices him to the extent evidence may become unavailable or less reliable over time. Dkt. No. 38 at 7. Officer Rodriguez concedes that Mr. Cho "has an interest in a more immediate resolution of his claim," but he argues that a limited, six-month stay would "not significantly change [Mr. Cho's] position or ultimate ability to recover monetary damages." Dkt. No. 39 at 3.

Mr. Cho certainly has an interest in having his case resolved without unnecessary delay. *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014); *see also Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 809 (N.D. Cal. 1989) ("Witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end."). Over two years have passed since the incident at issue and the parties have completed all discovery. The matter is set for trial in less than three months. While a six-month delay might be considered relatively short by some metrics, there is nevertheless uncertainty regarding whether such a stay would be sufficient to accomplish the goal Officer Rodriguez's seeks, as no trial date has been set in the *Marin* criminal prosecution and may be set later than summer of 2023.

On balance, Mr. Cho's interests weigh in favor of denying the motion for a stay.

#### 2. Defendant's Burden

Officer Rodriguez argues he would face a "heavy burden" if this case proceeds to trial before the *Marin* criminal prosecution is concluded. Dkt. No. 36 at 4; Dkt. No. 39 at 2. He asserts he would be unable to fully and properly defend himself in this action if he were to assert his Fifth Amendment privilege to remain silent and he would subject himself to possible adverse inferences in doing so. Dkt. No. 36 at 4-5. Mr. Cho responds that Officer Rodriguez has not shown that he

6

would suffer any significant prejudice if he chose to invoke his Fifth Amendment rights. Dkt. No. 38 at 7.

"A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding . . . but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding." *Keating*, 45 F.3d at 326 (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)). That a defendant might reasonably choose to invoke his Fifth Amendment right, and incur an adverse inference, is not by itself sufficient to justify a stay of a civil action in favor of a criminal prosecution. *See ESG Capital Partners*, 22 F. Supp. 3d at 1046 (citing *Gen. Elec. Co. v. Liang*, No. CV 13-08670, 2014 WL 1089264, at *5 (C.D. Cal. Mar. 19, 2014)).

Officer Rodriguez does not identify any burden he will have to bear in this action beyond electing to remain silent. And as discussed above, he discusses the burden or prejudice associated with this election only at a high level of generality. Officer Rodriguez does not suggest he has had insufficient time to prepare for trial in this case or that the trial will interfere with preparation of his defense in the *Marin* criminal prosecution. "The Ninth Circuit has found that where a defendant has had adequate time to prepare for a related civil trial, the burden on the defendant is substantially diminished." *Id.* (citing *Keating,* 45 F.3d at 325).

Accordingly, the Court concludes that the burden on Officer Rodriguez will be minimal if the case proceeds to trial as scheduled.

### 3. Interests of the Court

Officer Rodriguez concedes that the Court has an interest in managing its own docket. Dkt. No. 36 at 6. Nevertheless, he argues that because his constitutional rights are implicated, a stay is warranted.

If Officer Rodriguez had made a compelling showing on the other *Keating* factors, the Court would be inclined to make every effort to adjust its trial calendar to accommodate his request for a stay. However, he has not made such a showing, and the Court has other matters already scheduled during the time frame in which Officer Rodriguez wishes to proceed. So, while

7

this consideration does not weigh heavily in the Court's assessment, it also does not favor Officer Rodriguez.

### 4. Interests of Third Parties and the Public

As a general matter, third parties and the public have an interest in the fair and efficient resolution of civil matters. The parties have not identified any particular third party or public interests specific to this case that might weigh materially in favor of either a grant or denial of Officer Rodriguez's motion to stay. Accordingly, the Court considers these factors as neutral.

## IV. CONCLUSION

Having considered the parties' respective interests and the other *Keating* factors, the Court concludes that, in the circumstances of this case, a stay is not warranted. The Court denies Officer Rodriguez's motion.

**IT IS SO ORDERED.**

Dated: October 20, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge