1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7
8

ANTHONY SUNG CHO,

Case No. 21-cv-05503-VKD

Plaintiff,

9
10

v.

**ORDER RE MOTIONS IN LIMINE
AND OBJECTIONS TO EVIDENCE**

11

CITY OF SAN JOSE, et al.,

Re: Dkt. Nos. 44, 45, 46, 47, 48, 49, 50, 51,
52, 53, 54, 55, 56, 57, 59, 60, 61

12

Defendants.

13
14

This order resolves the parties' motions in limine and other disputes concerning the

15

admissibility and/or manner of presentation of evidence. Dkt. Nos. 44, 45, 46, 47, 48, 49, 50, 51,

16

52, 53, 54, 55, 56, 57, 59, 60, 61.

17

**I.      MR. CHO'S MOTIONS IN LIMINE**

18

**A.      Motions in Limine Nos. 1 and 2 re Mr. Cho's Criminal History**

19

Mr. Cho moves to exclude any evidence, testimony, argument, or reference at trial to his

20

criminal history and prior contacts with law enforcement, including the fact that at the time of the

21

incident in question he was on Post Release County Supervision and had automobile theft charges

22

pending against him. Dkt. Nos. 44, 45. Mr. Cho contends that this evidence is irrelevant, unfairly

23

prejudicial and/or improper character evidence. Dkt. No. 44 at 4-8; Dkt. No. 45 at 3-5.

24

Defendants argue that Mr. Cho has several felony convictions that are admissible for the purpose

25

of impeaching his truthfulness, as permitted by Rule 609(a) of the Federal Rules of Evidence.

26

Dkt. No. 60 at 4, Dkt. No. 61. In addition, defendants argue that the fact that Mr. Cho was on

27

county supervision for a prior criminal offense and had a pending criminal charge are

28

circumstances that the jury may consider in resolving disputed questions of fact regarding whether

1    or to what extent Mr. Cho resisted officers' efforts to arrest and subdue him.  Dkt. No. 60 at 3-4;

2    Dkt. No. 61.

3          The Court grants in part and denies in part Mr. Cho's motions in limine.

4          *Felony convictions*.  Mr. Cho admits that he suffered four felony convictions within the

5    past 10 years—three for possession of a stolen vehicle, and one for possession of marijuana with

6    intent to distribute.  Dkt. No. 60-1(response to Interrogatory No. 7).  These convictions qualify as

7    felony convictions that "must be admitted" in evidence, subject to Rule 403.  Fed. R. Evid.

8    609(a)(1)(A).  Mr. Cho has not shown that the probative value of evidence of these prior

9    convictions is substantially outweighed by the danger of unfair prejudice.  However, during the

10   hearing Mr. Cho suggested that one or more of these four convictions are the subject of

11   subsequent findings or proceedings that make them inadmissible under Rule 609(c).  The record is

12   not sufficiently developed to permit the Court to determine whether Mr. Cho is correct.  The

13   parties shall confer and attempt to resolve any disputes about which convictions, if any, are

14   admissible under Rule 609.  Any disputes must be brought to the Court's attention outside the

15   presence of the jury before defendants attempt to introduce evidence of a disputed conviction.

16         Mr. Cho also expressed concern about how evidence of any qualifying convictions will be

17   offered in evidence, and in particular, he objects to the admission of Exhibit 201, which contains

18   his responses to Interrogatory No. 7.  As the Court explained at the hearing, evidence of prior

19   convictions admissible under Rule 609(a) should be limited to the name of the offense, the date

20   and place of conviction, and the nature of the sentence.  *See U.S. v. Osazuwa*, 564 F.3d 1169, 1177

21   (9th Cir. 2009) ("[E]vidence admissible under Rule 609 for impeachment purposes may not

22   include collateral details of the crime of conviction.").  The Court suggests that parties enter into a

23   stipulation regarding these matters for purposes of facilitating presentation to the jury.

24         If Mr. Cho wishes to propose a limiting instruction regarding the purpose for which the

25   jury may consider evidence of his felony convictions, he shall file such proposed instruction no

26   later than **January 5, 2023**.  *See* Fed. R. Evid. 105.

27         At this time, the Court grants Mr. Cho's motions in limine with respect to evidence of

28   other (non-felony) convictions identified in response to Interrogatory No. 7 as unfairly prejudicial

United States District Court
Northern District of California

2

1   when compared to the probative value of such evidence.  Fed. R. Evid. 403.

2           *Supervised release and pending charge*.  There is no dispute that Mr. Cho initially fled

3   from the defendant officers.  The parties dispute whether and to what extent Mr. Cho resisted

4   officers' efforts to arrest and subdue him after he fell to the ground.  Mr. Cho asserts that the body

5   worn camera video evidence clearly shows that Mr. Cho did not resist at all and that no

6   testimonial evidence can or should be permitted to contradict the video evidence.  Defendants

7   argue that the video evidence is not clear and that because witness testimony regarding Mr. Cho's

8   movements and behavior is relevant to the jury's consideration of the totality of the circumstances,

9   evidence suggesting Mr. Cho had a strong motive to resist apprehension by the officers is also

10  relevant.

11          The Court agrees with defendants.  Where there is a dispute regarding what an officer

12  perceived just prior to the use of force, evidence that tends to make one party's version of events

13  more or less probable is relevant.  *Boyd v. City and Cty. of San Francisco*, 576 F.3d 938, 944 (9th

14  Cir. 2009).  "Rule 404(b) is a rule of inclusion; unless the evidence of other crimes tends only to

15  prove propensity, it is admissible." *Id.* at 947 (cleaned up).  Here, defendants argue that evidence

16  of Mr. Cho's status on supervised release and his knowledge of charges pending against him is

17  offered to show only that Mr. Cho had a motive to resist arrest and the existence of this motive

18  may impact the jury's evaluation of Mr. Cho's testimony regarding whether he did or did not resist

19  arrest.  Fed. R. Evid. 404(b)(2).  This evidence is admissible for this purpose.

20          *Other "bad acts"*.  Defendant Rodriguez notes in a footnote to his opposition to Mr. Cho's

21  motions in limine that at the time of his arrest Mr. Cho was found with methamphetamine.  Dkt.

22  No. 60 at 4 n.2.  Mr. Cho has not moved to exclude this evidence.  At the hearing on this matter,

23  Mr. Cho's counsel indicated he was unaware that methamphetamine had been found.  The parties

24  shall confer regarding this point and shall advise the Court regarding whether a ruling on

25  admissibility of this evidence is required.

26          To the extent defendants wish to offer evidence of Mr. Cho's criminal history or prior

27  contacts with law enforcement to show that Mr. Cho does not suffer emotional distress based on

28  fear of police officers, or to question the credibility of any presentation he may make to the jury

United States District Court
Northern District of California

that he has recently reformed his conduct or behavior, such evidence is not admissible because its probative value is outweighed by the danger of unfair prejudice to Mr. Cho.

## II. DEFENDANTS' MOTIONS IN LIMINE

### A. Defendants' Motion in Limine No. 1 re Evidence re Other Uses of Force; Defendant Rodriguez's Motion in Limine No. 1 re *Marin* Matter

Defendants ask for an order excluding evidence relating to prior uses of force, including unrelated internal affairs investigations and lawsuits and, specifically, Officer Rodriguez's and Officer Moran's involvement in the use of force in the *Marin*[1] matter.  Dkt. Nos. 46, 50, 52. Defendants also move to exclude any testimony by Mr. Cho's expert, Scott Defoe, that relies on evidence relating to other uses of force in support of his opinion that the City of San Jose failed to properly train defendants.  Finally, defendants ask for an order barring cross-examination of defendants' use of force expert, Don Cameron, regarding his prior opinion regarding the use of force at issue in an unrelated case, *Paulino v. Cruz, et al.*, No. 5:16-cv-02642-NC (N.D. Cal.). Mr. Cho responds that he does not intend to offer evidence of any prior internal affairs investigations of use of force or lawsuits against defendants Preuss or Gaona, and he concedes that Mr. Defoe's opinion concerning failure to train is no longer relevant, as Mr. Cho has dismissed his *Monell* claims against the City.  Dkt. No. 53 at 6.  In addition, Mr. Cho says he will not question Mr. Cameron about his opinion on the reasonableness of use of force in the *Paulino* matter unless Mr. Cameron "opens the door," such as by testifying about his win-loss record.  *Id.* Accordingly, the only question that must be resolved is whether Mr. Cho may offer evidence of and question defendants Rodriguez and Moran about the *Marin* matter.

Mr. Cho argues that evidence concerning the *Marin* matter is admissible under Rule 404(b)(2) to show that defendants Rodriguez and Moran had motive, opportunity, intent, plan, preparation, and knowledge with respect to the use excessive force against Mr. Cho and to cast that use of force falsely as self-defense.  *See* Dkt. No. 53 at 4-6; Dkt. No. 56 at 5-7.  Although the Court pressed Mr. Cho repeatedly at the hearing on this matter for an explanation of how a separate instance of allegedly excessive use of force by defendants Rodriguez and Moran had any

---

[1] *Marin v. City of San Jose*, No. 21-6372 (N.D. Cal).

1    bearing on disputed facts in this case, the Court understands that Mr. Cho wishes to suggest to the

2    jury that defendants' misconduct in the *Marin* matter undermines their explanations about what

3    happened in this case.

4        In the Ninth Circuit, evidence of other wrongs may be admitted if: (1) the evidence tends

5    to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient

6    to support a finding that defendant committed the other act; and (4) the act is similar to the offense

7    charged. *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (citations omitted).  If the

8    evidence meets this test, the court must then decide whether its probative value is substantially

9    outweighed by the prejudicial impact under Rule 403. *Id.* The evidence Mr. Cho wishes to

10   introduce (i.e., video of the incident and the testimony of Ms. Marin) is certainly more than the

11   bare complaint found to be insufficient in *United States v. Bailey*, 696 F.3d 794 (9th Cir. 2012).  It

12   is intended to prove a material point and is also close in time.  However, the Court notes that facts

13   of the *Marin* matter are vigorously disputed.  Defendant Rodriguez is awaiting trial in a criminal

14   prosecution for his conduct in that matter, and there is also a civil action pending concerning the

15   same incident.  Moreover, Mr. Cho *opposed* a stay of this litigation on the ground that "the facts

16   giving rise to the criminal action [in the *Marin* matter] and [Mr. Cho's] civil claims are unrelated

17   and do not significantly overlap."  Dkt. No. 38.  Indeed, Mr. Cho represented during the hearing

18   on defendant Rodriguez's request for a stay that Mr. Cho would not seek to introduce affirmative

19   evidence about the *Marin* incident during the trial of this case.  *See* Dkt. No. 43 at 5.

20       Even if the evidence of the *Marin* matter satisfies the test for admissibility under Rule

21   404(b), the probative value of that evidence is substantially outweighed by prejudicial impact

22   under Rule 403.  Mr. Cho's proposed evidence concerning the *Marin* matter creates a substantial

23   risk of suggesting to the jury that defendants Rodriguez and Moran have a propensity to act

24   improperly in the manner Mr. Cho suggests because they did so with respect to Ms. Marin.

25   Evidence may not be admitted for this purpose.  Fed. R. Evid. 404(b)(1) ("Evidence of any other

26   crime, wrong, or act is not admissible to prove a person's character in order to show that on a

27   particular occasion the person acted in accordance with the character.").  In addition, permitting

28   Mr. Cho to present evidence of what happened in the *Marin* matter would, in fairness, require the

United States District Court
Northern District of California

Court to admit defendants' evidence contradicting Mr. Cho's presentation, which would then lead to a trial-within-a-trial on a separate matter that risks confusing the jury.

For this reason, defendants' motion to exclude evidence of the *Marin* matter is granted.

**B.      Defendants' Motion in Limine No. 2 re Other Officer's Body Worn Camera Video**

Defendants Moran, Gaona, Preuss, and the City of San Jose move to exclude testimony from any defendant officer about what another officer's body worn camera video purportedly shows if it is not about that defendant officer's own actions.  Dkt. No. 47.  Mr. Cho represents that he will not ask a defendant to interpret video of events that defendant did not observe or to give an opinion about the propriety of conduct shown on such video.  However, he argues that he should be permitted to use any body worn camera video to refresh a witness's recollection, to impeach his testimony, or, in the case of defendants' experts, to cross-examine an expert about his opinions. Dkt. No. 63.

The Court grants in part and denies in part defendants' motion in limine.

Mr. Cho may not ask a defendant to interpret video of events that defendant did not observe or to give an opinion about the propriety of conduct shown on such video.  Mr. Cho may use any body worn camera video to refresh any defendant's recollection or to impeach his testimony.  Mr. Cho may also use any body worn camera video to cross-examine any expert about his opinions.

**C.      Defendants' Motion in Limine No. 3 re Dismissal of Plaintiff's Criminal Case**

Defendants Moran, Gaona, Preuss, and the City of San Jose move to exclude evidence that the charges against Mr. Cho relating to the incident in question have been dismissed.  Dkt. No. 48. The motion is unopposed.  Dkt. No. 55.  The Court grants the motion.

**D.      Defendant Rodriguez' Motion in Limine No. 2 re Expert Opinions in Police Shooting Cases**

Defendant Rodriguez asks for an order barring Mr. Cho from cross-examining defense expert Robert Fonzi regarding opinions Mr. Fonzi has given in other matters involving the use of deadly force by police officers.  Dkt. No. 51.  Mr. Cho opposes the motion.  Dkt. No. 57.

The Court denies the motion in limine.

United States District Court
Northern District of California

1

2        Defendant Rodriguez argues that Mr. Fonzi's opinions in police shooting cases are

3   irrelevant because this case involves police use of baton strikes.  Dkt. No. 51 at 2.  He says that "to

4   the extent counsel wants to show that Mr. Fonzi is 'defense-oriented' by testifying for police

5   officers and agencies on all levels of force, Plaintiff's counsel can liberally explore bias issues on

6   the stand with Mr. Fonzi without going into the intense topic of police shootings."  *Id.*  He further

7   argues that any relevance of Mr. Fonzi's opinions in police shooting cases is outweighed by the

8   risk of undue prejudice.  *Id.*  Mr. Cho argues that evidence that Mr. Fonzi has given opinions on

9   several occasions that the use of deadly force on an unarmed subject was a reasonable use of force

10  is relevant to Mr. Fonzi's credibility and bias.  *Id.*  Mr. Cho represents that he intends to limit his

11  cross-examination on this point to questions about the fact of such opinions and the number of

    occasions on which Mr. Fonzi has given them.  *Id.* at 4.

12       The Court agrees with Mr. Cho that the proposed cross-examination is proper for the

13  purpose of exploring the question of Mr. Fonzi's bias.  *See, e.g.*, *United States v. Preciado-Gomez*,

14  529 F.2d 935, 942 (9th Cir. 1976) ("The existence of bias or prejudice of one who has expressed

15  an expert opinion can always be examined into on the cross-examination of such expert.").  Given

16  the nature of the alleged use of force against Mr. Cho, Mr. Fonzi's prior opinions regarding the

17  use of deadly force are not so far removed from the context in which he will give opinions in this

18  case as to be irrelevant.  Nor does the Court consider cross-examination on this point unfairly

19  prejudicial, so long as that examination does not belabor the details of other unrelated cases.

20  **III.   OTHER EVIDENTIARY ISSUES**

21       **A.   Witnesses**

22       Defendant Moran:  For the reasons explained during the pretrial conference, defendant

23  Moran must testify in person on January 12, 2023 in the first phase of trial.  Defendants' motion

24  for an order permitting defendant Moran to testify by remote video conference is denied, without

25  prejudice to resubmission should his testimony be required during a second phase of trial, if any.

26       Guadalupe Marin:  Resolved per motion in limine.

27       Paramedics:  Mr. Cho may call only one of the three listed paramedics to testify and he

28  must disclose to defendants which paramedic he will call as soon as practicable.

7

**B.      Objections to Evidence**

Ex. 109:  Rule 403 objection denied; subject to renewal as unduly cumulative.

Ex. 201:  Objection resolved per motion in limine.

Ex. 202:  Court reserves ruling at this time.

**IT IS SO ORDERED.**

Dated: December 23, 2022

_Virginia K. DeMarchi_
VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California

8